IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS E. CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-895-M |
| | ) | |
| D. CALLAHAN, | ) | |
| | ) | |
| Respondent. | ) | |

## **Order**

The Court overruled the Petitioner's motion for discovery and granted his request for a writ of mandamus.[1] Both parties have requested reconsideration. The Court grants the Respondent's motion for reconsideration and denies the Petitioner's motion.

To justify discovery, Mr. Crawford must make a showing of good cause.[2] In multiple pleadings, Mr. Crawford has alleged an inability to obtain documents showing that the full term date was November 4, 2004, and that there was to be no supervision upon release.[3]

According to the Respondent, only one document reflected the absence of supervision, and counsel attached that item as Exhibit 1 of his motion for reconsideration. That document was served with the motion for reconsideration.

---

[1] Order (Nov. 22, 2005); Order (Dec. 1, 2005).

[2] *See* Rules 1(b), 6(a), Rules Governing Section 2254 Cases in the United States District Courts.

[3] *E.g.*, Petitioner Opposition to Summary Judgment in Case Where Respondents Are Concealing Evidence Pertinent to Case at pp. 2-3 (Oct. 31, 2005); Motion for Reconsideration of Denial of Discovery at p. 2 (Dec. 2, 2005).

With the motion for reconsideration, Respondent's counsel also attached a form reflecting the "full term release" of November 4, 2004.[4] The Respondent's counsel states that this document was the only one reflecting a release date of November 4, 2004.[5] That document was also served with the Respondent's motion for reconsideration.

The Petitioner has not supplied any reason to believe there are additional documents being withheld that show the absence of supervision or a full term date of November 4, 2004. In the absence of an articulable reason to believe that documents are being withheld, the Petitioner's request for discovery and a writ of mandamus appear to be moot. In these circumstances, the Court denies the Petitioner's motion for reconsideration and grants the Respondent's request for reconsideration of the writ of mandamus.[6] The order granting the writ of mandamus is vacated.

---

[4] Respondent's Motion for Reconsideration of Order Granting Petitioner's Motion for Writ of Mandamus to Direct Respondent to Produce All Records, Exhibits, Files, Documents, Etc., Exhibit 2 (Dec. 2, 2005).

[5] Respondent's Response to Petitioner's Motion for Reconsideration (Dec. 19, 2005).

[6] In the order granting the writ of mandamus, the undersigned ruled 21 days after the docket sheet had reflected "filing" of the Petitioner's motion. The Respondent's counsel points out that a document is not considered "filed" until "an ECF System-generated NEF [has been] transmitted to the filer." Electronic Case Filing Policies and Procedures Manual, ¶ II(A)(1)(d). The "filer" was the Petitioner, who filed the document conventionally in light of his exemption from the requirement for electronic filing. *Id.* ¶ III(B). Thus, a notice of electronic filing was presumably never sent to the Petitioner. But the Respondent reasonably interpreted the electronic filing policies to create a due-date of December 2, 2005. Had the Court recognized the delay in transmission of the notice of electronic filing and the absence of a service copy, the Court would have waited until after December 2, 2005, to rule on the request for mandamus relief. The Respondent's confusion over the filing date was understandable.

So ordered this 28th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge