IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS E. CRAWFORD, )<br>  )<br>  Petitioner, )<br>  )<br>v.  )<br>  )<br>D. CALLAHAN, )<br>  )<br>  Respondent. ) | Case No. CIV-05-895-M |

## Report and Recommendation

The Petitioner is a federal prisoner who seeks a writ of habeas corpus for improper revocation of his parole. The Respondent alternatively seeks dismissal and summary judgment. The Court should decline to dismiss the action, but should grant the motion for summary judgment with respect to the Petitioner's claims involving invalidity of the parole violator warrant, termination of supervision on November 4, 2004, ineffective assistance of counsel, and invalidity of the forfeiture of "street time." The Court should deny relief on the Petitioner's due process claim.

Dismissal

The Respondent urges dismissal, arguing that the present action is "second or successive" under 28 U.S.C. § 2244(a). The argument is invalid for two reasons.

First, 28 U.S.C. § 2244(a) applies only when a prisoner challenges his detention "pursuant to a judgment of a court of the United States." Mr. Crawford was convicted and

sentenced in the Superior Court of the District of Columbia, which is considered the equivalent of a state court rather than a federal court.[1]

Second, Section 2244(a) applies only when another federal court has "determined" the legality of the detention. 28 U.S.C. § 2244(a) (2000). The Respondent refers to two other actions. One action was filed in the Southern District of Virginia. But this application is pending, and the Southern District of Virginia has not "determined" the legality of Mr. Crawford's detention.[2] The other habeas action was filed in the Superior Court of the District of Columbia, which is considered a "state court" rather than a "federal court."[3] Thus, the Superior Court action does not trigger Section 2244(a).

For both reasons, the Respondent is not entitled to dismissal under 28 U.S.C. § 2244(a).

## Summary Judgment on Some Claims

Although dismissal is inappropriate, summary judgment is appropriate on the claims involving validity of the warrant, the term of supervision, effectiveness of counsel, and forfeiture of "street time."

---

[1] *See Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D. D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." (citations omitted)).

[2] Mr. Crawford filed the present habeas petition before he filed the one in the Southern District of Virginia.

[3] *See supra* note 1.

I.    Standard for Summary Judgment

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] Generally, the Court views the evidence and the reasonable inferences in the light most favorable to the nonmoving party.[5] However, the nonmoving party cannot rely on unsupported allegations lacking "'any significant probative evidence . . . .'"[6] The Court then determines whether a genuine issue of material fact exists. A dispute about a material fact is genuine "if the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party."[7]

II.   Application to the Undisputed Facts

The Petitioner obtained parole on June 4, 2004,[8] and the documentation stated that he would be subject to ongoing supervision until May 3, 2006.[9] A parole violator warrant was

---

[4]   Fed. R. Civ. P. 56(c).

[5]   *See Manders v. State of Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989).

[6]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citation omitted).

[7]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8]   Certificate of Mandatory Parole or Mandatory Release (executed by Mr. Crawford on May 19, 2004).

[9]   Certificate of Mandatory Parole or Mandatory Release (executed by Mr. Crawford on May 19, 2004).

3

issued on March 10, 2005.[10] At a preliminary hearing the Parole Commission found probable cause and the commission later revoked parole, concluding that Mr. Crawford had been under supervision until November 4, 2005.

      A.    <u>Invalidity of the Warrant and Termination of Supervision</u>

In the habeas petition, Mr. Crawford claims in part that the parole violator warrant was improper. This claim is based on Mr. Crawford's belief that his parole supervision had ended on November 4, 2004, prior to issuance of the parole violator warrant.[11]

At the revocation hearing, the Parole Commission considered and rejected Mr. Crawford's position about when his supervision was to end. After noting that the documentary evidence was in conflict, the Hearing Examiner stated:

> However, a reporting instructions sheet provided by CSOSA indicates that the subject was immediately required to report for supervision that information is dated 5/27/04. This examiner overruled the objection for the simple fact that the certificate of mandatory parole, which is signed by the subject on 5/19/04, indicates that he knew he was on supervision until 5/3/06.[12]

The Parole Commission agreed, stating:

> A review of your record shows that the computation is correct and that when you were mandatorily released on June 4, 2004, your sentence was to expire on May 3, 2006 while your supervision was to expire 180 days earlier, on

---

[10]    Warrant (issued Mar. 10, 2005).

[11]    Both parties focus on the period in which Mr. Crawford was to remain under supervision. But the parole revocation was based on five grounds, and only one involved a failure to report to the supervising officer. *See* Notice of Action - U.S. Department of Justice, United States Parole Commission (June 24, 2005).

[12]    Hearing Summary at p. 2 (June 1, 2005).

November 5, 2005.  The Bureau of Prisons has the sole authority to compute sentences for prisoners.[13]

This Court can review the factual findings only to determine whether the Parole Commission had violated the federal constitution or exceeded its statutory authority.[14] This determination turns on whether the Parole Commission had a rational basis in the record for its determination.[15] As the Hearing Examiner pointed out, Mr. Crawford signed a certificate of mandatory parole or mandatory release on May 19, 2004.  This document contained the following acknowledgment of release conditions: "I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof.  I fully understand them and know that if I violate any of these conditions, I may be recommitted."[16] The form contained multiple conditions requiring ongoing supervision and stated that these conditions would remain in effect until May 3, 2006.[17]  And the D.C. Records Center computed the "full term date" as May 3, 2006, at the time that Mr. Crawford was paroled.[18]

---

[13]   Notice of Action on Appeal at p. 1 (Aug. 12, 2005).

[14]   *See United States v. Lawson*, 155 F.3d 980, 983 (8th Cir. 1998) (stating on habeas review that a federal court is only permitted to determine whether the Parole Commission had violated the constitution or exceeded its statutory authority).

[15]   *See Lewis v. Beeler*, 949 F.2d 325, 332 (10th Cir. 1991).

[16]   Certificate of Mandatory Parole or Mandatory Release at p. 1 (executed by Mr. Crawford on May 19, 2004).

[17]   Certificate of Mandatory Parole or Mandatory Release at p. 1 (executed by Mr. Crawford on May 19, 2004).

[18]   Sentence Monitoring Computation Data (as of June 4, 2004).

The Parole Commission had a rational basis to find that the supervisory term was ongoing when the warrant was issued. Thus, as a matter of law, the Court should reject Mr. Crawford's theories that the parole violator warrant was invalid and that supervision had ended on November 4, 2004.

B.   Ineffective Assistance of Counsel

The Petitioner also claims ineffective assistance of counsel. This claim is facially invalid.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial.[19] "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[20]

The Petitioner claims that his legal representation was inadequate at the probable cause hearing and the revocation hearing. At the probable cause hearing, the attorney allegedly failed to require the presence of the Petitioner's parole file. Mr. Crawford adds that the attorney had failed to review the parole file or provide documents at the revocation

---

[19]   *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[20]   *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

hearing. Both allegations are based on Mr. Crawford's argument that "several documents" in the parole file showed that "supervision [had] expired on November 4, 2004 . . . ."[21] But the Hearing Examiner acknowledged the conflicting documents, pointing out that "a notice of release in arrival" showed "that subject was not going to be on supervision upon his release."[22] The Hearing Examiner resolved the conflict by relying on the parole certificate, where Mr. Crawford acknowledged that he would remain under supervision until May 3, 2006.[23] The Petitioner does not identify any documents that would have created a probability of a different outcome either at the probable cause hearing or the revocation hearing. As a result, Mr. Crawford cannot show prejudice, which is fatal to his claim of ineffective assistance of counsel.

    C.    <u>Forfeiture of "Street Time"</u>

In part, the Petitioner challenges the forfeiture of "street time." In doing so, Mr. Crawford relies on his theory that his supervision should have ended on November 4, 2004. As discussed above, however, the Parole Commission had a "rational basis" to find that the

---

[21]    Petition for a Writ of Habeas Corpus by a Person in Federal Custody at p. 7 (Aug. 5, 2005).

[22]    Hearing Summary at pp. 1-2 (June 1, 2005). The Respondent elsewhere attached two documents. One showed no supervision upon release; and another reflected November 4, 2004, as the "full term release" date. Untitled Document (undated) & Reporting Instructions Sheet (May 27, 2004) (attached as Exhibits 1-2 to Respondent's Motion for Reconsideration of Order Granting Petitioner's Motion for Writ of Mandamus to Direct Respondent to Produce All Records, Exhibits, Files, Documents, Etc. (Dec. 2, 2005)).

[23]    Certificate of Mandatory Parole or Mandatory Release (executed by Mr. Crawford on May 19, 2004) (discussed in Hearing Summary at p. 2 (June 1, 2005)).

supervision term had extended beyond November 4, 2004.[24] The existence of a rational basis justified revocation; and for D.C. prisoners like Mr. Crawford, forfeiture of "street time" was automatic.[25] Accordingly, this action does not support federal habeas relief.

## Denial of Relief on the Remaining Claim

In Ground Three, the Petitioner alleges deficiencies in his legal representation and invokes his constitutional entitlement to effective assistance of counsel and due process. The Respondent addresses the effectiveness of counsel and, as discussed above, is entitled to summary judgment on this theory.[26] The Respondent does not expressly address the Petitioner's related theory of due process. But "[t]he requisite showing of prejudice for claims of denial of due process is the same as that for allegations of ineffective assistance of counsel . . . ."[27] As discussed above, the Petitioner has not shown the prejudice necessary to prevail on a claim of ineffective assistance of counsel.[28] Because the standard for prejudice

---

[24] *See supra* pp. 4-6.

[25] *See* 28 C.F.R. § 2.105(d) (2005) ("Pursuant to D.C. Code 24-406(a), a parolee whose parole is revoked by the Commission shall receive no credit toward his sentence for time spent on parole . . . ."); *see also United States Parole Commission v. Noble*, 693 A.2d 1084, 1085 (D.C. Ct. App. 1997) (under D.C. law, when parole is revoked, "time that the person spent on parole before revocation cannot be credited against his sentence").

[26] *See supra* pp. 6-7.

[27] *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988) (footnote omitted).

[28] *See supra* pp. 6-7.

supervision term had extended beyond November 4, 2004.[24] The existence of a rational basis justified revocation; and for D.C. prisoners like Mr. Crawford, forfeiture of "street time" was automatic.[25] Accordingly, this action does not support federal habeas relief.

## Denial of Relief on the Remaining Claim

In Ground Three, the Petitioner alleges deficiencies in his legal representation and invokes his constitutional entitlement to effective assistance of counsel and due process. The Respondent addresses the effectiveness of counsel and, as discussed above, is entitled to summary judgment on this theory.[26] The Respondent does not expressly address the Petitioner's related theory of due process. But "[t]he requisite showing of prejudice for claims of denial of due process is the same as that for allegations of ineffective assistance of counsel . . . ."[27] As discussed above, the Petitioner has not shown the prejudice necessary to prevail on a claim of ineffective assistance of counsel.[28] Because the standard for prejudice

---

[24]  *See supra* pp. 4-6.

[25]  *See* 28 C.F.R. § 2.105(d) (2005) ("Pursuant to D.C. Code 24-406(a), a parolee whose parole is revoked by the Commission shall receive no credit toward his sentence for time spent on parole . . . ."); *see also United States Parole Commission v. Noble*, 693 A.2d 1084, 1085 (D.C. Ct. App. 1997) (under D.C. law, when parole is revoked, "time that the person spent on parole before revocation cannot be credited against his sentence").

[26]  *See supra* pp. 6-7.

[27]  *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988) (footnote omitted).

[28]  *See supra* pp. 6-7.

is identical for purposes of due process, Mr. Crawford is also unable to prevail on this theory. Accordingly, the Court should deny relief on Mr. Crawford's due process theory.[29]

## Summary of Recommendations

The Court should:

- Overrule the Respondent's motion to dismiss

- Grant summary judgment to the Respondent on the claims involving invalidity of the parole violator warrant; termination of supervision on November 4, 2004; ineffective assistance of counsel; and invalidity of the forfeiture of "street time"

- Deny habeas relief on the Petitioner's due process claim.

## Notice of Right to Object

Mr. Crawford may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is February 13, 2006.[30]  The failure to timely object would foreclose appellate review of the suggested ruling.[31]

## Status of the Referral

The referral to the undersigned is not terminated.

---

[29] *See* 28 U.S.C. § 2243 (2000).

[30] *See* W.D. Okla. LCvR 72.1(a).

[31] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 24th day of January, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge